### S. L. REESE v. THE STATE.

#### No. 4409. Decided March 3, 1909.

**Embezzlement—Indictment—Corporation—Joint Stock Company.**

Where the indictment alleged that the defendant was the agent of a certain literary society, and failed to allege whether the same was a corporation, joint stock company or copartnership, a motion to quash should have been sustained.

Appeal from the District Court of Haskell. Tried below before the Hon. Joe Irby.

Appeal from a conviction of misdemeanor embezzlement; penalty, a fine of $10 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord*, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of embezzlement and his punishment assessed at a fine of $10 and twenty days in jail.

The charging part of the indictment is as follows: " * * * on or about the 15th day of March, One Thousand Nine Hundred and Eight, and anterior to the presentment of this indictment, in the county of Haskell and State of Texas, S. L. Reese was the agent of a certain literary society, to wit: the Ballew Literary Society and the said S. L. Reese as such agent did then and there unlawfully and fraudulently embezzle, and fraudulently misapply and convert to his own use, without the consent of said Ballew Literary Society certain money, then and there corporeal personal property of and belonging to said Ballew Literary Society ($10) ten dollars, good and lawful money of the United States of America of the value of ($10) ten dollars, which said money had theretofore come into the possession and was under the care of the said S. L. Reese by virtue of his said agency," etc.

Appellant filed a motion to quash the indictment on the ground that the Ballew Literary Society is not alleged to have been a corporation, joint stock company, or copartnership. This motion should have been sustained.

The judgment is accordingly reversed and dismissed.

*Reversed and dismissed.*